|!ARMSTRONG, J.,
dissenting with reasons.
I respectfully dissent. I fully agree that, once a judgment has become final, then it should be satisfied as quickly as possible so that the plaintiff receives the compensation to which he has become legally entitled. However, with respect to judgments involving political subdivisions such as the City of New Orleans, the Constitution and legislation have provided that judgments not be executed in the manner of judgments involving only private parties. The evident purpose of those constitutional and legislative provisions is to provide for the satisfaction of judgments against political subdivisions in a specific, orderly manner.
The City’s practice of paying judgments in chronological order, with interest, as funds are available, seems to serve well the constitutional and legislative purposes, particularly in that funds are not available to pay immediately all judgments. If a plaintiff judgment creditor is allowed to seize property of a City employee, including garnishment of the City’s employee’s wages, then the City would come under considerable pressure to go ahead and satisfy that judgment prior to satisfaction of older judgments owed to plaintiffs who have been waiting longer for compensation. It makes no pecuniary difference to the City (and, presumably, no difference at all) which judgment is paid earlier and which later. So plaintiffs who have a judgment against a City employee as well as against thej^City itself are likely to wind up with a preferred status. This seems unfair to plaintiffs with judgments which are older but which judgments are against the City alone.
The literal language of the Constitution and the legislation which is at issue could be fairly interpreted as the majority holds, but could also be fairly interpreted as the City urges, and I believe that the City’s *167 position, as a practical matter, would yield the most just result overall.